AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico
Erik Paltrow
Clerk of Court

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
Body of Adrian GARCIA (YOB 1977), more fully described in Attachment A.

Case No. MR 26-1724

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See attachment A, attached hereto and incorporated herein.

located in the ______ District of New Mexico, there is now concealed *(identify the person or describe the property to be seized)*:
See attachment B, attached hereto and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ❒ contraband, fruits of crime, or other items illegally possessed;
- ❒ property designed for use, intended for use, or used in committing a crime;
- ❒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 USC 922(g)(1) | Felon in Possession of a Firearm and Ammunition |

The application is based on these facts:
See attached affidavit, which was reviewed by AUSA Maria Stiteler

☑ Continued on the attached sheet.

❒ Delayed notice of ______ days *(give exact ending date if more than 30 days:* ______ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

ATF TFO Hugo Garcia
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephonically sworn and electronically signed *(specify reliable electronic means)*.

Date: August 18, 2026

*Judge's signature*

City and state: Albuquerque, NM

Honorable Laura Fashing, US Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>THE BODY OF ADRIAN GARCIA, YOB 1977 | Case No. |

**AFFIDAVIT FOR SEARCH WARRANT**

1. I, Hugo Garcia, a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being duly sworn, depose and state:

**AGENT BACKGROUND AND EXPERIENCE**

2. Beginning in 2017, I have attended and successfully completed the Albuquerque Police Department (APD) police academy. Since 2022, I have been a detective with APD's Gun Violence Reduction Unit. I have attended and completed numerous professional development courses related to criminal investigations. Since 2025, I have been a Task Force Officer (TFO) with ATF.

3. As a TFO with ATF and as a police detective, I have conducted physical surveillance, and interviews with victims, witnesses, and defendants. I have executed search and seizure warrants and arrest warrants and have conducted investigations related to firearms.

4. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Title 18 of the United States Code.

5. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that Adrian GARCIA has committed a violation of 18 U.S.C. § 922(g)(1), that being felon in possession of a firearm and ammunition.

**INTRODUCTION**

7. I make this application in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the body of Adrian GARCIA (born in 1977,

SSN: XXX-XX-9639)—specifically, to collect deoxyribonucleic acid (DNA) samples from GARCIA by way of buccal swabs. As described below, there is probable cause to believe GARCIA's DNA may be present on a firearm seized by law enforcement in the course of this investigation. Therefore, this warrant seeks authorization to collect two (2) DNA samples from GARCIA in order to compare that sample with samples collected from the lawfully seized evidence in this case.

8. GARCIA was being housed at the Metropolitan Detention Center (MDC), but I understand GARCIA was taken into custody of the U.S. Marshals in the District of New Mexico on August 14, 2026, in connection with his federal case.

9. Because this affidavit was authored for the limited purpose of establishing probable cause, it does not include each and every fact known to me from this investigation. In authoring this affidavit, I relied on the reports and statements of other law enforcement officers and involved parties in order to ascertain the facts of the case and author this affidavit.

**PROBABLE CAUSE**

10. Based on my review of Albuquerque Police Department ("APD") reports, body camera videos, and photographs, I understand that on May 4, 2026, APD officers were dispatched to an address on Teodoro Rd. NW, Albuquerque, New Mexico. According to dispatch comments, the caller stated her vehicle was unlocked, and a male with a gun got into her vehicle and opened her garage. The male pointing a gun at her and told her to go inside. The male was in a red SUV, and it was last seen heading east on Teodoro Rd. NW.

11. Officers arrived and contacted the homeowners, Jane Doe and John Doe.[1] Officers conducted an interview with Jane Doe, who stated that she heard a noise in the garage and believed her husband, John Doe, was inside. Jane Doe said she opened the garage and observed a male, whom she described as Hispanic, inside. Jane Doe indicated that she yelled for her husband. According to Jane Doe, the male told her that he had a gun and he would shoot her. She indicated the firearm was a silver handgun. Jane Doe did tell officers that she was in fear of being shot. She noted that the male entered a red SUV before fleeing from the residence. Jane Doe informed officers that her garage door opener was missing from her vehicle.

12. Officers interviewed John Doe, who indicated he was inside the home when he heard his wife scream and say someone was inside their garage. John Doe told the officer he heard Jane Doe say the male had a gun. John Doe did not observe the firearm and said the male fled in a red SUV. John Doe noted his power drill was missing from his garage.

---

[1] The names of the homeowners are known to law enforcement officers, but pseudonyms are used here for privacy purposes.

13. Officers canvassed the area and were able to view surveillance footage from a neighbor's residence. They noted a red SUV traveling east on Teodoro Rd NW but could not see the occupants or the license plate. APD Real Time Crime Center reviewed camera footage and located a vehicle matching the offender's vehicle description. The vehicle was bearing a New Mexico license plate CJNG72, which did not return with any MVD records. One detective noted the vehicle appeared to have a distinguishing sticker on the left-hand corner of the rear window.

14. Detectives with the APD located the vehicle with the distinguishing sticker bearing a different New Mexico license plate- BPNF94. Detectives conducted surveillance on the vehicle and identified the driver as Adrian GARCIA. Detectives followed the vehicle to a residence on Odin Rd. SW.

15. Detective S. Hazelton conducted a follow-up investigation and interviewed Jane Doe and John Doe. Detective Hazelton spoke with Jane Doe, who again stated she heard a noise in the garage and believed it was her husband. She walked to the garage and noticed it was partially open, then saw a man inside. She said she confronted the male and told him to leave as she moved toward him. The male pointed a small handgun at her, which she described as possibly silver or black in color. The man told her to get back inside the house. Although she was afraid, Jane Doe continued to confront the man and yell at him. Jane Doe said her husband, John Doe, came out of the residence and appeared to have startled the male. The male entered a red SUV and fled the area. Jane Doe told the detective that the male had entered the garage using a garage door opener left in her unlocked vehicle parked in the driveway. Jane Doe provided a description to the detective, which was a Hispanic male, in his late 20s to early 30s, approximately 5'10" with an average build, with a thin mustache. Jane Doe indicated she believed she could identify the male if shown a photograph. Jane Doe said the added that her husband's drill had been stolen. Additionally, she said she reviewed the surveillance footage provided by her neighbor and confirmed it showed the same vehicle.

16. Detectives later met with Jane Doe and John Doe. They presented photographic lineups to both separately. After viewing the photographic lineup, Jane Doe identified GARCIA as resembling the suspect, with an 80 percent certainty. John Doe selected a photograph as a potential suspect, but that photograph was not of GARCIA.

17. Detectives spoke with John Doe after presenting the photographic lineup. John Doe indicated he had a more limited view of the suspect than Carol. He told detectives that he went outside after hearing Jane Doe say someone was in her garage. As he went out, he saw the suspect approaching the vehicle and gave chase. However, he stopped when Jane Doe yelled that the suspect was armed. John Doe indicated he observed the suspect through the windshield; however, he was not able to clearly see the suspect's physical features, other than recalling some facial hair on his upper lip. John Doe also indicated he

believed that the suspect entered their garage using the garage door opener left in Carol's unlocked vehicle. John Doe stated he did not see the suspect with the firearm; however, Jane Doe did and indicated the suspect pointed it at her. He also said the male threatened to shoot her. John Doe provided more information and said a Kobalt drill was stolen along with two batteries, a charger, and one or two sets of drill bits, all of which were contained in a blue nylon case.

18. Detective Hazelton drafted a state arrest warrant for GARCIA for the charges of Aggravated Burglary, Felon in Possession of a Firearm, Aggravated Assault with a Deadly Weapon, Non-Residential Burglary, and Larceny under $250. Detectives also wrote state search warrants for GARCIA's vehicle and his residence on Odin Rd. SW.

19. Detective Hazelton arrived at the residence, where GARCIA was in custody. GARCIA was advised of his Miranda Rights, which he orally waived, and agreed to speak to the detective. TFO Garcia reviewed the interview with GARCIA. During the interview, GARCIA indicated he was on probation and indicated he had been to prison. GARCIA was asked about where he was the day prior, and he indicated he was in the North Valley. He was specifically asked about entering a garage that did not belong to him and possessing a firearm. GARCIA said no to both. He also indicated there were no firearms inside the residence. During the interview, GARCIA also admitted to have been affiliated with 14th Street. He did not provide any further information regarding the incident or admit to any involvement.

20. Detectives executed the search warrant on GARCIA's vehicle. Detectives collected police photographs, one 9mm unfired round, and one Lift Master garage door opener labeled "safe."

21. Detectives began to execute the state search warrant for GARCIA's residence. Detectives began their search of the room identified as GARCIA's. Detectives located several garage door openers. As a result, the search warrant was amended. Following approval of the amended search warrant, it was executed. Detectives collected police photographs, three garage door openers (Generic, Lift Master, and Chamberlain), one Ruger Model P95, 9mm-caliber pistol, with serial number 317-21969, one extended 9mm magazine with 24 rounds, and one standard 9mm magazine with 11 rounds. The firearm and magazines were located in a bag hidden under a woman who identified herself as GARCIA's mother, who was lying in her bed due to unknown medical issues.

22. While detectives searched the residence, Detective Garza spoke with GARCIA's mother inside her bedroom. She was asked if GARCIA may have hidden anything inside the bedroom. She indicated she was unsure because she had been asleep but stated that he may have placed something behind her back or underneath the bedding. GARCIA's mother provided consent and detectives checked the bedding. A white bag was located behind her lower back. The detective noted what appeared to be a hard item consistent

with a firearm. The item was photographed in place before being removed. The firearm (Ruger Model P95, 9mm-caliber pistol, serial number 317-21969) was located with one magazine containing 11 9mm rounds. An extended magazine was located in the bag. It contained 24 rounds of 9mm ammunition. GARCIA's mother told detectives that GARCIA had entered her room in a panicked state and warned her that police were there for him. She also noted that he entered her room and closet before police contact. No other items were located.

23. GARCIA was ultimately transported to the Prisoner Transport Center and booked on the state arrest warrant.

24. From my review of GARCIA's criminal history, I know he has been convicted of the below felonies:

    1. Armed robbery (two convictions);
    2. Receiving/transferring a stolen motor vehicle (two convictions);
    3. Burglary of a dwelling house;
    4. Attempted armed robbery;
    5. Auto burglary (three convictions); and
    6. Felon in possession of a firearm.

25. I consulted with a special agent who is trained in determining whether a firearm or ammunition has traveled in interstate commerce. Based on their training and experience, the Ruger Model P95, 9mm-caliber pistol, with serial number 317-21969, and the ammunition associated with the firearm would have had to travel in interstate commerce to be found in New Mexico.

26. Based upon these facts, I have probable cause to believe GARCIA, a previously convicted felon, possessed a firearm and ammunition on May 5, 2026, in violation of 18 U.S.C. § 922(g)(1). Further, on July 16, 2026, a grand jury in the District of New Mexico returned a true bill charging GARCIA with being a felon in possession of a firearm and ammunition in Case No. 26-cr-3309-KWR.

27. The Ruger pistol described above is in the lawful custody of the ATF. Based on my training, experience, and involvement in this case, I know the items collected could contain DNA evidence. Contemporaneously with the execution of this warrant, investigators will obtain sample swabs from the Ruger pistol described above. Those samples will be compared with DNA samples collected from GARCIA pursuant to the authorization sought in this application.

## MANNER OF COLLECTION

28. Based on my training and experience, I know the buccal swab samples from GARCIA can, and will, be obtained without unnecessary discomfort to GARCIA, in private, and under circumstances where he will feel little or no pain or embarrassment. Should GARCIA refuse to cooperate in the collection process, I respectfully request authorization to utilize reasonable force in obtaining buccal swabs from him.

## CONCLUSION

29. Based on the facts outlined above, I submit there is probable cause to believe GARCIA's DNA will be found on the firearm described above. Therefore, I respectfully request that the court issue a search warrant authorizing the collection of buccal cells from GARCIA for the purpose of conducting forensic analysis.

30. This affidavit has been reviewed and approved by Assistant United States Attorney Maria Stiteler.

Respectfully submitted,

______________________________
Hugo Garcia
Task Force Officer
ATF

Subscribed electronically and sworn telephonically to me
on (date): August 18, 2026

______________________________
HONORABLE LAURA FASHING
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

**PERSON TO BE SEARCHED**

The person of Adrian GARCIA (born in 1977, SSN: XXX-XX-9639), so long as he is in the District of New Mexico at the time of the search. Previously, GARCIA was at the Metropolitan Detention Center (MDC), but I understand GARCIA was taken into custody of the U.S. Marshals in the District of New Mexico on August 14, 2026, in connection with his federal case.

GARCIA is pictured below:



**ATTACHMENT B**

**ITEMS TO BE SEIZED**

Law enforcement will collect two (2) Deoxyribonucleic Acid ("DNA") samples from Adrian GARCIA (born in 1977, SSN: XXX-XX-9639) by way of buccal swabs.